UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDMARK AMERICAN INSURANCE COMPANY** | **CIVIL ACTION NO.: 20-CV-1263** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **CHENEL ESTERS, HAROLD ILES, INSURANCE UNLIMITED OF LOUISIANA, L.L.C., CASEY LEBLANC, HEIDI LEBLANC, SANDRA LEBLANC, DALBERT LEDAY, KARL MARTIN, VALERIE MUSE, GLORIA ROBINSON, ROBBY ROBINSON, SAM'S RESIDENTIAL, L.L.C., WALTER SOMERS, JR., CLARENCE THIBODEAUX, ISAAC WILLIS AND MICHAEL WILLIS** | **MAGISTRATE: KATHLEEN KAY** |

**MEMORANDUM IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS COUNTERCLAIM AND CROSSCLAIM FOR CLASS ACTION RELIEF WITHOUT PREJUDICE**

Defendant Chanel Esters respectfully submits this memorandum in support of her motion to voluntarily dismiss her "Counterclaim and Crossclaim for Class Action Relief" (Doc. 18) without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and (c), while maintaining the Answer on behalf of herself only.

**I.    Factual Background**

Plaintiff Landmark American Insurance Company filed this suit for declaratory judgment, interpleader, and other relief on September 25, 2020, against Defendant Chanel Esters and 15 other defendants. (Doc. 1.) Ms. Esters was served with a copy of the Complaint on October 12, 2020. (Doc. 19.) On October 14, 2020, Ms. Esters filed, on behalf of herself and all others similarly situated, an "Answer and Counterclaim and Cross Claim for Class Action Relief." (Doc. 18.) The

"Counterclaim and Cross Claim for Class Action Relief" asserted claims against co-defendants Insurance Unlimited of Louisiana, LLC and Valerie Muse, and against plaintiff Landmark American Insurance Company, on behalf of all individuals who were affected by the wrongful conduct of Insurance Unlimited and Valerie Muse, for which Landmark provides insurance coverage.

Ms. Esters brought those claims as a putative class action because at the time of filing, upon information and belief, she had reason to believe that there was a significant number of individuals who were affected by the same alleged wrongful conduct that caused damages to Ms. Esters, and therefore a class action was warranted. However, after filing that class action suit, counsel for Ms. Esters was able to conduct further investigation, including communications with counsel for Insurance Unlimited, who represented that there were less customers affected than Ms. Esters originally had reason to believe based on the information that was available to her at the time of filing, and further that some of those customers who were affected by the wrongful conduct alleged in the class action suit had resolved their claims or were in the process of negotiating resolution to their claims with the responsible parties, which would further reduce the number of individuals who would have been members of the putative class. Therefore, based on the additional investigation that has been conducted since filing the "Counterclaim and Cross Claim for Class Action Relief," Ms. Esters no longer believes that a class action lawsuit is warranted based on the nature of the claims as well as the potential number of individuals affected and whose claims have not yet been resolved.

## II.     Applicable Law and Requested Relief

Ms. Esters seeks an order of the Court dismissing the "Counterclaim and Cross Claim for Class Action Relief" <u>without prejudice</u>. Because Landmark has filed an answer to the

"Counterclaim and Cross Claim for Class Action Relief" on November 4, 2020 (Doc. 23), Ms. Esters cannot dismiss her claims by filing a notice of dismissal under Rule 41(a). Therefore, Ms. Esters instead seeks voluntary dismissal of her "Counterclaim and Cross Claim for Class Action Relief" by Court order, pursuant to Federal Rule of Civil Procedure 41(a)(2) and (c).

Federal Rule of Civil Procedure 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Rule 41(c) further provides that "[t]his rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Therefore, Ms. Esters' counterclaim and crossclaims can be dismissed under Rule 41.[1]

Pursuant to Fed. R. Civ. P. 41(a)(2), "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Ms. Esters requests that the Order granting her motion for voluntary dismissal of her "Counterclaim and Cross Claim for Class Action Relief" expressly state that the dismissal of those claims shall be <u>without prejudice</u>. Further, by dismissing only the "Counterclaim and Cross Claim for Class Action Relief," Ms. Esters does not seek to dismiss her Answer, which shall remain on file and in effect as to Ms. Esters.

---

[1] Although the counterclaim and crossclaims allege claims on behalf of a putative class of similarly situated individuals, Rule 23(e) does not apply to the dismissal of the "Counterclaim and Cross Claim for Class Action Relief," as the Court has not issued an order certifying a class action, nor has Ms. Esters filed any motion to certify the class. Nevertheless, counsel for Ms. Esters has provided notice of the dismissal of these claims to all persons who were identified in Landmark's Complaint as having potential claims that would have been encompassed within the putative class action.

**III.     Conclusion**

For the reasons set forth above, pursuant to Federal Rule of Civil Procedure 41(a)(2) and (c), Ms. Esters respectfully requests that the Court enter an Order granting her motion to voluntarily dismiss her "Counterclaim and Crossclaim for Class Action Relief" <u>without prejudice,</u> and that her Answer to Landmark's Complaint shall remain on file and in effect as to Ms. Esters.

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors At Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)

_____*s/Roy L. Bergeron, Jr.*_____
By:   Eulis Simien, Jr., Bar # 12077
        Jimmy Simien, Bar # 1598
        Roy L. Bergeron, Jr., Bar # 33726

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2020, a copy of this pleading has been served on all known counsel of record via the Court's CM/ECF filing system and/or via email.

_____*s/Roy L. Bergeron, Jr.*_____
Roy L. Bergeron, Jr.