UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LANDMARK AMERICAN INSURANCE COMPANY** | **CASE NO.  2:20-CV-1263** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHENEL ESTERS ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 378] filed by Plaintiff, Landmark American Insurance Company ("Landmark" or "Plaintiff"). Defendant, Insurance Unlimited ("IU" or "Defendant"), filed an Opposition [Doc. No. 384], and Plaintiff filed a Reply [Doc. No. 387] to the Opposition.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.**

### I.    FACTS AND PROCEDURAL BACKGROUND

The issue in this Motion is whether IU has any right to assert bad faith claims against Landmark for IU's payments to Gloria Robinson ("Robinson"), payments to Sam's Residential, LLC ("Sam's Residential"), or settlement payment to Manick Investments ("Manick") arising out of Landmark's alleged breach of the duty to provide coverage and defend.

This case arises out of an unfortunate set of circumstances prior to Hurricane Laura making landfall in the southwest Louisiana area on August 27, 2020. IU is a licensed independent insurance agency with offices in Lake Charles, Sulphur, Lafayette, and Baton Rouge, Louisiana.

IU obtains and maintains insurance coverage for customers and employs licensed insurance brokers and ancillary staff.[1]

At the time of the losses of coverage by IU's customers, IU had a policy of insurance issued by Landmark from February 12, 2020, to February 12, 2021.[2] The named insured on the policy is Insurance Unlimited of LA, LLC with policy limits of $4,000,000 for all claims, along with a $25,000 deductible.[3]

On November 25, 2020, Landmark filed a lawsuit against IU and certain IU customers seeking declaratory judgment and other relief in connection with Defendant Valerie Muses' "actual or alleged acts, conduct, errors, fault, negligence, omissions and/or theft that occurred during her employment as a licensed insurance producer agent and account manager with IU."[4] IU's customers sought damages and relief against IU. On November 10, 2020, IU paid Robinson in the amount of $127,385.74. IU further paid Robinson for "consulting or labor" in the amount of $13,174.35, and Robinson was subsequently dismissed from the suit.[5] IU paid Par Consulting, GM Consulting, and Quality Northside Roofing over $250,000.00 with respect to Sam's Residential claim. This claim totaled $283,241.69, and Sam's Residential was dismissed from the suit.[6] Landmark directly paid Manick $25,000.00 in which Manick released its claim against Landmark and IU.[7]

On May 3, 2022, this Court found that the Landmark policy provided coverage to IU for the claims of Sam's Residential, Robinson, and Manick, among other people, and that Landmark

---

[1] Affidavit of Edwin Robinson [Doc. No. 168-2].
[2] [Doc. No. 191-1].
[3] [Doc. No. 1-2].
[4] [Doc. No. 1; Doc. No. 378-2].
[5] [Doc. No. 310].
[6] [Doc. No. 169-9].
[7] [Doc. No. 310].

breached its duty to defend IU as to these customer claims.[8] A bench trial was conducted on February 6, 2023, and February 7, 2023, regarding whether Landmark was barred from presenting coverage defenses against Landmark based upon waiver and/or equitable estoppel.[9] The Court held that Landmark was not prohibited from raising its coverage defenses against IU, but the trial was bifurcated as to damages.[10]

On April 12, 2024, Landmark filed a Motion for Partial Summary Judgment seeking dismissal of the bad faith claims asserted by IU.[11] IU contends that Landmark's reasoning for seeking dismissal of the bad faith claims is "nonsensical" because IU is asserting claims for Landmark's breach of duty to provide coverage and for breaching the duty to defend.[12]

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* Fed. R. Civ.

---

[8] [Doc. No. 214, 246].
[9] [Doc. Nos. 337, 338].
[10] [Doc. No. 355].
[11] [Doc. No. 378].
[12] [Doc. No. 384, p. 2].

P. 56(c)(1). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (*citing Anderson*, 477 U.S. at 248). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56(a). No genuine dispute as to a material exists when a party fails "to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

    **B.**    **Failure to Settle**

Landmark urges the Court that IU has no right to assert any bad faith claims against

Landmark for IU's voluntary settlement payments to Robinson and Sam's Residential or the voluntary settlement payment to Manick Investments. IU asserts that it is not seeking bad faith damages and penalties for Landmark's failure to settle.

Thus, there is seemingly no dispute between the parties regarding the failure to settle claims. Therefore, to the extent Landmark is asserting that such claims should be dismissed, the Motion is **GRANTED**.

### C. Damages Arising Out of Breach of the Duty to Defend Claims and Breach of the Duty to Provide Coverage under La. R.S. 22:1973 and/or La. R.S. 22:1892[13]

Landmark contends that IU has no right to assert bad faith claims against Landmark for IU's "voluntary payments" to Robinson and Sam's Residential or for IU's settlement payment to Manick because Robinson, Sam's Residential, and Manick had no right to assert such claims against Landmark as third-party tort victims. IU urges that no third-party is making a bad faith claim. Only IU is asserting a claim, and IU is the named insured.

The "duty of good faith is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.,* 285 So.3d 1062, 1069 (La. 10/22/19).

Landmark cites to several cases not directly on point where the plaintiffs were not named insureds on their respective policies. In *Dodge v. Sherman*, 313 So.3d 987, 991 (La. App. 3 Cir. 6/7/17), the court held that third-party claimants, such as the passenger in an automobile accident, are only afforded a private cause of action for violation of one of the acts under Subsection (B) of the statue. Further, in *Howard v. United Services Auto. Ass'n*, 180 So.3d 384 (La. App. 1 Cir

---

[13] It should be noted that the Court is aware that the statutes are changing. However, the Act will become effective July 1, 2024. If vetoed by the governor and subsequently approved by this legislature, this Act shall become effective on the day following such approval or July 1, 2024, whichever is later.

7/22/15), the plaintiffs were victims in an automobile accident and the tortfeasor, Ms. Greenup, was the only named insured on the insurance policy with USAA. *Id.* at 399. The Louisiana First Circuit Court of Appeal held that because plaintiffs were third-party claimants, they could not claim bad faith penalties and attorneys' fees against USAA. *Id.* In *Langford v. Flattman*, 864 So.2d 149, 151 (La. 1/21/04), the Supreme Court of Louisiana stated that "although La. R.S. 22:1220(b)(5)[14] uses the word 'claimant,' the subsection clearly intended to apply to a claim due 'any person insured by the contract.'"

Here, IU is a named insured in the contract, and IU is the party directly asserting the bad faith claims. As shown above, the cases that Landmark cites to support its proposition discuss the plaintiffs as unrelated parties to the insurance policies. In this case, IU is a related party and subsequently not a third-party claimant. Landmark claims that the bad faith claims are "derived" from payments to third-party claimants. The Court has found that Landmark breached its duty to defend and provide coverage. However, there remains a genuine issue of a material fact as to whether IU is owed damages for breach of the duty to provide coverage and defend.

Therefore, to the extent Landmark asserts dismissal of any damages arising out of its alleged breach of the duty to provide coverage or defend, the Motion is **DENIED.**

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. No. 378] is **GRANTED IN PART** and **DENIED IN PART.** To the extent Landmark moves for the dismissal of any failure to settle claims, the Motion is **GRANTED.** To the extent Landmark moves to dismiss

---

[14] La. R.S. 22:21220(b)(5) was renumbered as La. R.S. 22:1973(b)(5) by Acts 2008, No. 415, § 1, eff. Jan.1, 2009.

any claims regarding damages arising out of the duty to provide coverage and defend, the Motion is **DENIED.**

MONROE, LOUISIANA, this 23rd day of May 2024.

                                          _____
                                          **TERRY A. DOUGHTY**
                                          **UNITED STATES DISTRICT**